IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:04CR186 |
| | ) | CASE NO. 8:10CR88 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | TENTATIVE FINDINGS |
| | ) | |
| JESUS ARREDONDO-CAVADA, | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (8:04CR186, Filing No. 105; 8:10CR88, Filing No. 41). The government adopted the PSR (8:04CR186, Filing No. 106; 8:10CR88, Filing No. 42). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to several paragraphs of the PSR. The objections are discussed below.

### ¶¶ 25-31 - Government's Version of the Offense

The Defendant's objections to ¶¶ 25-31 are denied because the Court is not at liberty to change the government's version of the offense. The Court notes that the Defendant had the opportunity to submit a version of the offense but did not do so. (PSR, ¶ 32.)

### ¶¶ 34, 48 - Drug Quantity and Base Offense Level

The Defendant's objection to ¶ 34 (drug quantity) will be heard at sentencing. However, the Court notes that while the Defendant appears to contest the date of his entry into the conspiracy, at his change of plea hearing the Defendant agreed that he participated

in the conspiracy between January 2000 and April 2004. (8:10CR88, Filing No. 39, 31:21-32:2.)

### *¶ 91 - Defendant's English Ability*

The Defendant's objections to ¶ 91 are denied. The substance of the Defendant's position expressed in his objections is stated in ¶ 91, and the Court is not at liberty to change statements in the investigative reports.

### *Summary*

The Defendant argues that his base offense level should be 34 and, after a 3-level adjustment for acceptance of responsibility his total offense level should be 31.

The plea agreement provides for a nonbinding recommendation by the government for a 2-level downward departure if the criteria listed in ¶ 3 are met. Assuming the departure is recommended and granted and the total offense level remains at 33, the Defendant's total offense level would be 31.

IT IS ORDERED:

1.   The Defendant's objections (8:04CR186, Filing No. 105; 8:10CR88, Filing No. 41) to ¶¶ 34 and 48 will be heard at sentencing, and all other objections to the PSR are denied;

2.   If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary

hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

      3.      Absent submission of the information required by paragraph 2 of this Order, my tentative findings may become final; and

      4.      Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 13th day of December, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge